ATKINSON VS. RICHARDSON, impleaded &c.
OGILVIE VS. RICHARDSON, impleaded &c.

A purchaser at a sheriff's sale who neglected to make payment according to his contract, should be required to pay *interest* on the amount of his bid.

APPEAL from the Circuit Court for *Rock* County.

A statement of the facts in these cases, with the decision of this court upon the merits, will be found in 14 Wisconsin Rep., p. 157. The question upon which they were again brought up, will sufficiently appear from the opinion of the court.

*B. B. Eldredge* and *J. H. Knowlton,* for appellant, to the point that the purchaser should pay interest on the balance of his bid remaining unpaid, from the date of the tender of the deed, cited *Van Rensselaer v. Jewett,* 2 Comst., 135 ; *Stevenson v. Maxwell,* 2 Sandf. Ch. R., 273.

*I. C. Sloan* and *John R. Bennett,* for respondent:

By the terms of the sale no interest was to be paid and. none was due; and when, as in this case, there is reasonable

objection to completing the purchase, the bid does not draw interest until the court orders the purchaser to pay in his bid. No valid title can be acquired by the purchaser until the sale is confirmed; and a purchaser ought not to be compelled to pay interest until it is ascertained that he is to acquire a good title. Besides, the purchaser is not entitled to possession until the sale is confirmed. 4 Johns. Ch. R., 292; 8 Paige, 655.

*By the Court*, PAINE, J. These two cases were former y here upon appeals from an order made in each, refusing to require the purchaser at the sales to complete his purchase. We held he should be required to complete it, and reversed the orders. After the cases were remitted, the court below first made an order in each requiring the purchaser to pay the unpaid balance of his bid, with interest, in four days. Afterwards, on motion of his counsel, this order was modified by striking out the interest, and allowing three months in which to make the payment. From the orders making these modifications, these appeals are now taken.

The only questions involved are, whether the purchaser should pay interest, and whether he should be allowed three months instead of four days in which to pay. But his counsel, upon the argument, went over again the whole ground of the former appeals, and contended that he ought not to pay anything. To sustain that position would be to review and reverse the former decisions. It is not usual, in every successive appeal in a case, to review and re-open all the questions decided in former appeals. The court may have power to review such decisions, as it has the power to review any others. But it would exercise it only upon the same grounds which would induce it to reverse any decision once made and sustained upon a motion for rehearing. It would require a very clear case of error in the law or injustice in the decision, to justify such a reversal; and we are satisfied that such a case is not presented here. We shall therefore consider all the questions involved in the former appeals as settled by the decisions then made. See *Reed vs. Jones, ante*, p. 40. Though I will say that my own convictions of the

June Term, 1862.

ATKINSON
v.
RICHARDSON.

October 11.

correctness of the conclusions both of fact and law, stated in the former opinon, were not at all shaken but rather confirmed by the last argument.

We think the purchaser should have been required to pay interest. He ought to have paid long ago according to his contract. There was no reason justifying his delay. He has had the use of the money which, if he had complied with his contract, would have been had by the parties now seeking to recover it. It is just that he should pay it, the delay being his own default. *Van Rensselaer vs. Jewett*, 2 Com., 135 ; *Stevenson vs. Maxwell*, 2 Sandf. Ch., 273. Perhaps the four days allowed by the first order was rather too short a time, but the three months allowed by the order appealed from was clearly too long. And as the purchaser, by the appeal, has really had the benefit of it, we shall reverse the order appealed from in each case, with costs.

. The reason for considering the two cases together were sufficiently stated in the former appeal.